# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>225 BOWERY LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10094 (___) |
| 225 BOWERY LLC,<br>        Plaintiff,<br>v.<br>ACE GROUP INTERNATIONAL LLC and<br>ACE GROUP BOWERY LLC,<br>        Defendants. | Adv. No. 23-_____ |

**COMPLAINT TO AVOID PREFERENTIAL**
**TRANSFER PURSUANT TO 11 U.S.C. § 547**

Debtor 225 Bowery LLC (the "**Plaintiff**" or "**Debtor**"), by and through its undersigned counsel, hereby files this complaint (the "**Complaint**") to avoid a preferential transfer against Ace Group International LLC and Ace Group Bowery LLC (the "**Defendants**" or "**Ace Group**"). In support of this Complaint, Plaintiff alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this adversary proceeding to avoid from Defendants the preferential transfer of Plaintiff's interest in property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy case of the Debtor pursuant to section 547 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number is 225 Bowery LLC (1333). The location of the Debtor's service address is: 187 Chrystie Street, New York, NY, 10002

**JURISDICTION AND VENUE**

2. This court has subject matter jurisdiction over this adversary proceeding (the "**Adversary Proceeding**"), which arises under the Bankruptcy Code, and arises in and relates to a case under the Bankruptcy Code, in the United States Bankruptcy Court for the District of Delaware, captioned *In re 225 Bowery LLC*, Case No. 23-10094 (___), pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Plaintiff consents to entry of final orders and judgment by the Court.

5. The statutory and legal predicates for the relief sought herein is section 547 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**PARTIES**

6. Plaintiff is a Delaware limited liability company with its principal place of business located at 187 Chrystie Street, New York, New York 10002. Pursuant to Bankruptcy Code sections 547, 1106, and 1107, Plaintiff is authorized and has standing to pursue this action.

7. Upon information and belief, Defendant Ace Group International LLC is a Delaware limited liability company with its principal place of business located at 7 West 30th Street, 12th Floor, New York, New York 10001.

8. Upon information and belief, Defendant Ace Group Bowery LLC is a Delaware limited liability company with its principal place of business located at 7 West 30th Street, 12th Floor, New York, New York 10001.

**FACTUAL BACKGROUND**

9. On September 22, 2022, the ICC International Court of Arbitration issued a final arbitration award in an arbitration captioned, *Ace Group International, LLC and Ace Group Bowery LLC v. 225 Bowery LLC*, ICC Case No. 26805/PDP (the "**Arbitration Award**") in favor of Ace Group.

10. Subsequently, on October 3, 2022, Ace Group commenced a special proceeding in the New York Supreme Court, New York County, captioned *Ace Group International, LLC et al. v. 225 Bowery LLC*, Index No. 653631/2022, seeking confirmation of the Arbitration Award (the "**Arbitration Proceeding**").

11. On October 24, 2022, the New York Supreme Court issued a decision and order in the Arbitration Proceeding confirming the Arbitration Award.

12. That same day, Ace Group filed a Notice of Entry in the New York Supreme Court of the decision and order confirming the Arbitration Award.

13. Subsequently, on October 28, 2022, the Clerk of the New York Supreme Court entered judgment for ACE Group, which included money damages of $10,474,628.18 (the "**Judgment**", attached as Exhibit A).

14. On January 24, 2023 (the "**Petition Date**"), Debtor commenced a chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

15. During the ninety (90) days before and including the Petition Date, that is between October 26, 2022 and January 24, 2023 (the "**Preference Period**"), the Judgment was entered against Plaintiff.

16. The Judgment gave rise to a judgment lien immediately upon entry by the Clerk of the Court since the Judgment was entered in New York County, the same County in which the Debtor owns a hotel and related property located at 223-225 Bowery, New York, New York 10002 (the "**Judgment Lien**").

17. The Judgment Lien constitutes a transfer of interest of the Debtor in property under Section 547 of the Bankruptcy Code (the "**Transfer**").

18. Plaintiff has analyzed and considered all readily available information concerning the Transfer, including any affirmative defenses that Defendants may assert under section 547(c) of the Bankruptcy Code, and hereby seeks to avoid the Transfer.

19. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendants during the Preference Period. It is the Plaintiff's intention to avoid all transfers made by Plaintiff of an interest of the Plaintiff in property and to or for the benefit of Defendants or any other transferee. Plaintiff reserves its right to amend the Complaint to include: (i) further information regarding the Transfer; (ii) additional transfers; (iii) modifications of and/or revision to Defendants' names; (iv) additional defendants; and/or (v) additional causes of action, if applicable, that may become known to Plaintiff at any time during this Adversary Proceeding, through formal discovery or otherwise, and intends the amendments to relate back to this original Complaint.

## CLAIM FOR RELIEF

### COUNT I - AVOIDANCE OF PREFERENCE PERIOD TRANSFER PURSUANT TO 11 U.S.C. § 547

20. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

21. During the Preference Period, Defendants obtained the Transfer.

22. The Transfer constituted a transfer of an interest in property of Plaintiff.

23. Defendants were creditors of Plaintiff at the time of the Transfer by virtue of the Judgment.

24. The Transfer was made for, or on account of, an antecedent debt or debts owed by Plaintiff to Defendants before the Transfer was made, as asserted by Defendants, which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendants prior to being paid by Plaintiff.

25. The Transfer was made while the Plaintiff was insolvent. Plaintiff is entitled to the presumption of insolvency for the Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

26. The Transfer was made during the Preference Period.

27. The Transfer, if not avoided, will enable Defendants to receive more than Defendants would receive if: (i) Plaintiff's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendants received payments of its debts under the provisions of the Bankruptcy Code.

28. Under 11 U.S.C. § 547(b), Plaintiff is entitled to an order and judgment avoiding the Transfer.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court grant the following relief against Defendants:

(a) On Plaintiff's First Count, judgment in favor of Plaintiff and against Defendants, avoiding the Transfer pursuant to 11 U.S.C. § 547(b);

(b) Assessment of all fees and costs against Defendants, including the costs and expenses of this action; and

(c) Such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: January 24, 2023<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Ryan M. Bartley*<br>Michael R. Nestor (No. 3526)<br>Ryan M. Bartley (No. 4985)<br>Michael S. Neiburg (No. 5275)<br>Joshua B. Brooks (No. 6765)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mnestor@ycst.com<br>    rbartley@ycst.com<br>    mneiburg@ycst.com<br>    jbrooks@ycst.com<br><br>- and -<br><br>ALSTON & BIRD LLP<br><br>Gerard S. Catalanello<br>James J. Vincequerra<br>Dylan S. Cassidy<br>Kimberly J. Schiffman<br>90 Park Avenue<br>New York, NY 10016<br>Telephone: 212-210-9400<br>Facsimile: 212-210-9444<br>Emails: gerard.catalanello@alston.com<br>    james.vincequerra@alston.com<br>    dylan.cassidy@alston.com<br>    kimberly.schiffman@alston.com<br><br>*Proposed Counsel to the Plaintiff* |