IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>225 BOWERY LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10094 (BLS)<br><br>Ref. Docket Nos. 25 & 50 |

**FINAL ORDER (I) AUTHORIZING CONTINUED USE OF
EXISTING CASH MANAGEMENT SYSTEM, BANK
ACCOUNTS, CREDIT CARD AND BUSINESS FORMS, AND PAYMENT OF
RELATED PREPETITION OBLIGATIONS, (II) WAIVING CERTAIN INVESTMENT
AND DEPOSIT GUIDELINES AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of 225 Bowery LLC (the "Debtor") for entry of an order (the "Final Order"), as more fully described in the Motion, to (i) authorizing, but not directing, (a) the Debtor to maintain its existing Cash Management System (as defined herein) and business forms (the "Business Forms"), and (b) the payment of related prepetition or postpetition obligations related thereto; (ii) waiving on an interim basis certain investment and deposit guidelines and requirements set forth in the *Operating Guidelines for Chapter 11 Cases* ("U.S. Trustee Guidelines") promulgated by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); and (iii) granting related relief; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number is 225 Bowery LLC (1333). The location of the Debtor's service address is: 187 Chrystie Street, New York, NY, 10002

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2012 (Sleet, C.J.); and the Court having found that consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this case and this proceeding is proper in this district pursuant to 28 U.S.C. § 1408 and 1409; and the Court having found that due and sufficient notice of the Motion and opportunity for a hearing on the Motion were adequate and appropriate under the circumstances and that no further notice need be provided; and the Court having reviewed the Motion; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor and its estate, creditors, stakeholders, and all other parties-in-interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtor is authorized, in the ordinary course of business and consistent with the Debtor's historical practice and the Motion, to: (i) continue operating the Cash Management System and honor any prepetition obligations related thereto; (ii) maintain existing Bank Accounts and Business Forms and continue to use the Credit Card; (iii) maintain the ability to use debit, wire and ACH payments; and (iv) continue to deposit and invest funds.

3. The Debtor is granted a forty-five (45) day extension of time from the Petition Date to comply with the investment and deposit requirements of section 345 of the Bankruptcy Code, which is without prejudice to the Debtor's ability to seek a final waiver of those requirements.

4. For banks at which the Debtor holds accounts that are not party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, the Debtor shall use its good-faith efforts to cause the banks to execute a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date of the Petition Date. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

5. The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts as it may deem necessary and appropriate in their sole discretion; provided, however, that the Debtors give notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware, counsel to BHI, and any statutory committees appointed in these chapter 11 cases; provided, further, however that the Debtors shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

6. The Debtor is further authorized, to: (i) continue to use all of the Bank Accounts in existence as of the Petition Date, including those accounts identified on **Exhibit C** to the Motion; (ii) use, in their present form, all Business Forms, without reference to the Debtor's status as debtor in possession; *provided* that once the Debtor's existing checks have been used, the Debtor shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; *provided further that*, with respect to checks which the Debtor or its agents print themselves, the Debtor shall begin printing the "Debtor in Possession" legend on such items; (iii) treat the Bank Accounts for all purposes as accounts of the Debtor as

30074106.2

debtor-in-possession; (iv) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, ACH payments, and other debits; and (v) pay any ordinary course prepetition or postpetition Bank Fees and to otherwise perform their obligations under the documents governing the Bank Accounts.

7. Each Bank is authorized to continue to maintain, service, and administer the Bank Accounts with such Bank in accordance with prepetition practices as accounts of debtors in possession, without interruption and in the ordinary course of business. In this regard, the Banks are authorized, but not directed, to receive, process, honor and pay any and all checks, ACH payments and other instructions, and drafts payable through, drawn or directed on the Bank Accounts by holders, makers or other parties entitled to issue instructions with respect thereto on account of any claim, if the Debtor has sufficient standing in their credit with the Bank, arising (i) on or after the Petition Date or (ii) prior to the Petition Date and authorized by this Court upon receipt from the Debtor of a list of such checks, ACH payments and other instructions, and drafts that should be honored.

8. In the course of providing cash management services to the Debtor, the Banks, without further order of this Court, are authorized, but not directed, to (i) charge, and the Debtor is authorized to pay or honor, both prepetition and postpetition Bank Fees to which the Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtor, and (ii) charge-back returned items to the Bank Accounts, whether such items are dated before, on or subsequent to the Petition Date, in the ordinary course.

9. Notwithstanding any other provision of this Final Order, BHI is authorized, but not directed, to rely on the representations of the Debtor with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored

30074106.2

4

pursuant to any order of this Court, and if BHI honors a prepetition check or other item drawn on any account that is the subject of this Final Order (i) at the direction of the Debtor, (ii) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (iii) as a result of an innocent mistake made despite the above-described protective measures, it shall neither be deemed to be in violation of this Final Order nor be liable to the Debtor, its estate, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Final Order.

10. The Banks are authorized to accept and hold the Debtor's funds in accordance with the Debtor's instructions; provided, in each case, that the Banks shall not have any liability to any party for relying on such representations.

11. The Banks are authorized to debit the Debtor's accounts in the ordinary course of business without need for further order of this Court for: (i) all checks, items, and other payment orders drawn on the Debtor's accounts which are cashed at their counters or exchanged for cashier's checks by the payees thereof prior to such Bank's receipt of notice of filing of the Petition; (ii) all checks, automated clearing house entries, and other items deposited or credited to one of Debtor's accounts with such Bank prior to filing of the petitions which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to filing of the petitions; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to such Bank or payment processors as service charges for the maintenance of the Cash Management System.

12. The Debtor shall maintain accurate and detailed records of all transfers within the Cash Management System so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

13. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor or a waiver of the Debtor's rights to dispute any claim or lien.

14. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof and notice of the Motion is adequate under Bankruptcy Rule 6004(a).

15. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

16. The Court shall retain jurisdiction to hear and determine all issues arising from or related to the implementation, interpretation and/or enforcement of this Final Order.

Dated: February 21st, 2023　　　　　　　　　　　BRENDAN L. SHANNON
Wilmington, Delaware　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

30074106.2