## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| 225 BOWERY LLC,[1] | Case No. 23-10094 (BLS) |
| Debtor. | |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

225 Bowery LLC (the "Debtor"), in the above-captioned chapter 11 case (the "Chapter 11 Case"), is filing its Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, collectively, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtor, with the assistance of its professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and compose an integral part of, the Schedules and Statements. The Global Notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.[2]

The Schedules and Statements have been prepared based on information provided by the Debtor's personnel and are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtor relied on financial data derived from its books and records that was available at the time of preparation. The Debtor has used commercially reasonable efforts to ensure the accuracy and completeness of such information and data; however, subsequent information, data, or discovery may result in material changes to the Schedules and Statements

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is 225 Bowery LLC (1333). The location of the Debtor's service address is: 187 Chrystie Street, New York, NY, 10002.

[2] The Global Notes are in addition to any specific notes that may be contained in each of the Schedules or Statements. The fact that the Debtor has prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtor to exclude the applicability of such general note to the Debtor's remaining Schedules and Statements, as appropriate.

and inadvertent errors, omissions, or inaccuracies may exist. The Debtor and its estate reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

The Schedules and Statements have been signed by Nat Wasserstein, Chief Restructuring Officer of the Debtor. In reviewing and signing the Schedules and Statements, Mr. Wasserstein, who was retained by the Debtor immediately prior to the commencement of this Chapter 11 Case, necessarily relied upon the efforts, statements, and representations of the Debtor's other personnel and advisors. Mr. Wasserstein has not personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

**Reservation of Rights**. Nothing contained in the Schedules and Statements or the Global Notes shall constitute a waiver of any rights of the Debtor or its estate or an admission with respect to the Chapter 11 Case, including, but not limited to, any issues involving objections to claims, setoff or recoupment, equitable subordination or recharacterization of debt, defenses, characterization or re-characterization of contracts, leases and claims, assumption or rejection of contracts and leases and/or causes of action arising under the Bankruptcy Code or any other applicable laws.

**Description of the Case and "as of" Information Date**. On January 24, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is authorized to continue to manage its financial affairs as a debtor in possession. Unless otherwise indicated herein or in the Schedules and Statements, all financial information for the Debtor in the Schedules and Statements and the Global Notes is provided as of the Petition Date or as close to the Petition Date as reasonably practicable under the circumstances.

**Basis of Presentation**. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements prepared by the Debtor.

**Recharacterization**. Notwithstanding the Debtor's commercially reasonable efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add, delete, or otherwise amend items included in the Schedules and Statements, and the Debtor and its estate reserve all rights in this regard.

**Accounts Payable and Disbursement System**. The Debtor maintains a cash management system (the "Cash Management System") to collect and disburse funds in the ordinary course. A more complete description of the Cash Management System is set forth in the *Motion of the Debtor for Interim and Final Orders (I) Authorizing Continued Use of Existing Cash Management System, Bank Accounts, Credit Card and Business Forms, and Payment of Related Prepetition Obligations, (II) Waiving Certain Investment and Deposit Guidelines and (III) Granting Related Relief* (the "Cash Management Motion") [Docket No. 25], filed on January 27, 2023. The Court entered an order granting the relief requested in the Cash Management Motion on a final basis on February 21, 2023 [Docket No. 80].

**Insiders**.  For purposes of the Schedules and Statements, the Debtor defines "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) current or former directors, officers or persons in control of the Debtor; (b) relatives of current or former directors, officers, or persons in control of the Debtor; (c) a partnership in which the Debtor is a general partner; or (d) an affiliate of the Debtor.  Except as otherwise disclosed herein or in the Statements, payments to insiders listed in (a) through (d) above are set forth on Statement 4.  Persons listed as "insiders" have been included for informational purposes only, and such listing is not intended to be, nor should it be construed as, a legal characterization of such person as an insider, nor does it serve as an admission of any fact, claim, right or defense, and all such claims, rights, and defenses with respect thereto are hereby expressly reserved.  Further, the Debtor and its estate do not take any position with respect to: (a) any such person's influence over the control of the Debtor, (b) the management responsibilities or functions of any such individual; (c) the decision-making or corporate authority of any such individual; or (d) whether any such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Summary of Significant Reporting Policies**.  The following is a summary of certain significant reporting policies:

    a.  **Current Market Value – Net Book Value**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtor to obtain current market valuations for all estate assets.  Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values, rather than current market values, of the Debtor's assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements), and may not reflect the net realizable value.

    b.  **First Day Orders**.  Pursuant to various "first day" orders and any supplements or amendments to such orders entered by the Court (collectively, the "First Day Orders"), the Debtor and its estate are authorized to pay certain prepetition claims, including, without limitation, certain claims relating to critical vendors, claims for taxes and fees, and claims related to insurance policies.  Accordingly, to the extent certain prepetition claims were paid pursuant to the relief granted by the First Day Orders, such claims have been omitted from the Schedules and Statements.  Additionally, certain claims on the Schedules and Statements may have been, or may in the future be, satisfied pursuant to the First Day Orders.

    c.  **Setoffs**.  To the extent the Debtor has incurred or effectuated any ordinary course setoffs with third parties (including, without limitation, customers and vendors) prior to the Petition Date, or is subject to the occurrence of, or maintain the right to effectuate, ordinary course setoffs on account of activities occurring prior to the Petition Date, claims of creditors listed may not reflect all such setoffs.  The Debtor and its estate reserve all rights with respect to any such setoffs.

    d.  **Credits and Adjustments**.  Claims of creditors are listed in the amounts entered on the Debtor's books and records, and may not reflect all credits, allowances, or other adjustments due from such creditors to the Debtor.  The Debtor and its estate reserve all

rights with regard to any such credits, allowances and other adjustments, including, without limitation, the right to assert claims, objections, setoffs and recoupments with respect to the same.

e.  **Leases**.  The Debtor may lease certain equipment or non-residential real property from certain third-party lessors for use in the ordinary course of its business.  Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease (including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired), and the Debtor and its estate reserve all rights with respect to such issues.

f.  **Executory Contracts and Unexpired Leases**.  The Debtor has not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtor's estate.  Rather, executory contracts and unexpired leases have been set forth solely on Schedule G.  The Debtor's rejection of executory contracts and unexpired leases may result in the assertion of rejection damages claims against the Debtor and its estate; however, the Schedules and Statements do not reflect any claims for rejection damages.  The Debtor and its estate reserve all rights with respect to the assertion of any such claims.

**Unknown or Undetermined Amounts**.  Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

**Liabilities**.  The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information available at the time of filing the Schedules and Statements.  If additional information becomes available or further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtor and its estate reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of any claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtor and its estate reserve all rights to dispute or challenge the validity of any claims asserted under section 503(b)(9) of the Bankruptcy Code, or the characterization of the structure of any transaction, document or instrument related to such claim.

**Estimates**.  In the course of preparing the Schedules and Statements, the Debtor was required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.  The Debtor and its estate reserve all rights to amend the reported amounts of assets, liabilities, revenue, and expenses to reflect changes in those estimates and assumptions.

**Classifications**.  Listing a claim (a) on Schedule D as "secured," (b) on Schedule E/F as "unsecured priority," or "unsecured non-priority," or (c) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor and its estate of the

legal rights of any claimant, or a waiver of the rights of the Debtor and its estate to amend the Schedules and Statements to recharacterize or reclassify any claim or contract.

**Claims Description**.  The Debtor and its estate reserve all rights to dispute, and to assert any offsets or defenses to, any claim reflected on the applicable Schedule on any grounds, including, without limitation, amount, liability, validity, priority or classification, and to subsequently designate any claim as "disputed," "contingent," or "unliquidated."

**Guaranties and Other Secondary Liability Claims**.  Guaranties and other secondary liability claims (collectively, the "Guaranties") with respect to the Debtor's contracts and leases may not be included on Schedule H; however, certain Guaranties embedded in the Debtor's executory contracts, unexpired leases, secured financings, and similar agreements may exist.  Therefore, the Debtor and its estate reserve all rights to amend the Schedules to the extent additional Guaranties are identified.

## NOTES FOR SCHEDULES

**Schedule A/B—Assets—Real and Personal Property**.  Despite its commercially reasonable efforts to identify all known assets, the Debtor may not have listed all of its respective causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws to recover assets or avoid transfers.  The Debtor and its estate reserve all rights with respect to any claims and causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, whether known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other right or theory of law (collectively, "Causes of Action") that they may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims and causes of action, or in any way prejudice, impair or otherwise affect the assertion of such claims and Causes of Action.

Patents, trademarks, and other intellectual property are listed on Schedule B, Part 10 as an unknown or undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from the net book value.

Any leasehold improvements and equipment identified on Schedule B, Part 8 are listed net of any depreciation.

**Schedule D—Creditors Holding Secured Claims**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtor and its estate reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D.  Moreover, although the Debtor may have scheduled claims of creditors as secured

claims for informational purposes, no current valuation of the Debtor's assets in which such creditors may have a lien has been undertaken. Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the Debtor and its estate reserve all rights to dispute or challenge the secured nature of any such claim or the characterization of the structure of any transaction, document or instrument related to any such claim. The descriptions provided in Schedule D are intended only to be a summary.

The Debtor has not included on Schedule D all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtor, inchoate statutory lien rights, or real property lessors, utility companies and other parties that may hold security deposits.

By listing a party on Schedule D based on a UCC-1 filing, the Debtor and its estate are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is the subject of such filing, and reserve all rights as set forth in the Global Notes.

Certain of the amounts listed for parties on Schedule D may not be reflective of any accrued and unpaid interest, prepayment premiums, and other similar fees or expenses to which such parties may be entitled.

**Schedule E—Creditors Holding Unsecured Priority Claims**. The Debtor has not listed on Schedule E certain tax claims for which the Debtor has been granted authority (but not direction) to pay pursuant to a First Day Order. The Debtor believes that such claims have been satisfied in the ordinary course of business during the Chapter 11 Case pursuant to the authority granted in the relevant First Day Orders.

**Schedule F—Creditors Holding Unsecured Non-Priority Claims**. Certain creditors listed on Schedule F may owe amounts to the Debtor; as such, the Debtor and its estate may have valid setoff and recoupment rights with respect to such amounts, which rights are not reflected on Schedule F. Also, the amounts listed on Schedule F reflect known prepetition claims as of Petition Date. Such amounts do not reflect any rights of setoff or recoupment that may be asserted by any creditors listed on Schedule F, and the Debtor and its estate reserve all rights to challenge any setoff and recoupment rights that may be asserted against them. The Debtor and its estate reserve all rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F.

As noted above, certain claims listed on Schedule F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code, and the Debtor and its estate reserve all rights with respect to any such claims.

The Debtor has used commercially reasonable efforts to include all creditors on Schedule F; however, the Debtor believes that there may be instances in which vendors have yet to provide proper invoices for prepetition goods or services. While the Debtor maintains general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and not tracked on a vendor by vendor basis, and as such may not have been included on Schedule F.

The Debtor and its estate reserve their rights to dispute or challenge whether creditors listed on Schedule F are entitled to priority claims.

**Schedule G—Executory Contracts and Unexpired Leases**.  Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusion may have occurred in preparing Schedule G.  In the ordinary course of business, the Debtor enters into various agreements with its vendors.  The Debtor may have entered into various other types of agreements in the ordinary course of its business, such as indemnity agreements, supplemental agreements, letter agreements, and confidentiality agreements that may not be set forth in Schedule G.  Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease.  Schedule G may be amended at any time to add any omitted executory contracts, unexpired leases and other agreements to which the Debtor is a party, including, without limitation, to add any executory contracts, unexpired leases and other agreements that the Debtor, due to the voluminous number of such contracts, leases and agreements, was unable to list on Schedule G at this time.  Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date, or is valid or enforceable.  The agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed on Schedule G.

Any and all rights, claims and causes of action of the Debtor and its estate with respect to the agreements listed on Schedule G are hereby reserved and preserved.  The Debtor and its estate hereby reserve all of their rights to: (a) dispute the validity, status, or enforceability of any agreements set forth on Schedule G; (b) dispute or challenge the characterization of the structure of any transaction, document or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G; and (c) amend or supplement Schedule G, as necessary, including, without limitation, to modify which Debtor entity is a counterparty to the agreement.

## NOTES FOR STATEMENTS

**Statement 3**.  Statement 3 includes any disbursement or other transfer made by the Debtor, except for those made to insiders, employees, and bankruptcy professionals.  The amounts listed in Statement 3 reflect the Debtor's disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.

**Statement 7**.   The Debtor and its estate reserve all rights, claims, and defenses with respect to any and all listed lawsuits and administrative proceedings (or potential lawsuits and administrative proceedings).  The listing of any such suits and proceedings shall not constitute an admission by the Debtor and its estate of any liabilities or that actions or proceedings were correctly filed against the Debtor.  The Debtor and its estate reserve all rights to assert that the Debtor is not an appropriate party to such actions or proceedings.

**Statement Question 26a. Accountants and Bookkeepers who maintained the Debtor's Books and Records**.   The Debtor utilizes accountants and bookkeepers.  Generally, these individuals or entities have provided the Debtor or non-debtor entities, as applicable, services for years, providing services on an as needed basis.  Given the nature of these long-tenured relationships, the Debtor utilizes historical payment dates to estimate the dates of service.

**Statement Question 26d – Recipients of Financial Statements**.  From time to time, the Debtor may have provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients may have included regulatory agencies, financial institutions, investment banks, vendors, landlords, debtholders and its legal and financial advisors.  Due to the confidentiality requirements of related non-disclosure agreements, and the number of parties that have received such statements, such parties may not be listed in response to this question.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name      **225 Bowery LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)      **23-10094**

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:      Income**

1.   **Gross revenue from business**

☐ None.

| **Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year** | | | | **Sources of revenue** Check all that apply | **Gross revenue** (before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 01/01/2023 MM/DD/YYYY | to | Filing Date | ☒ Operating a business ☐ Other | $ 193,520 |
| **For prior year:** | From 01/01/2022 MM/DD/YYYY | to | 12/31/2022 | ☒ Operating a business ☐ Other | $ 8,616,519 |
| **For the year before that:** | From 01/01/2021 MM/DD/YYYY | to | 12/31/2021 | ☒ Operating a business ☐ Other | $ 7,358,970 |

2.   **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None.

| | | | | **Description of sources of revenue** | **Gross revenue from each source** (before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From MM/DD/YYYY | to | Filing Date | | $ 0.0 |
| **For prior year:** | From 01/01/2022 MM/DD/YYYY | to | 12/31/2022 | ICAP, PPP Loan Forgiveness, Interest | $ 3,954,065 |
| **For the year before that:** | From 01/01/2021 MM/DD/YYYY | to | 12/31/2021 | Interest | $ 1,222 |

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3.   **Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

| Debtor | **225 Bowery LLC** | Case number *(if known)* | **23-10094** |

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1.  AGI Sewer & Drains, Inc<br><br>1818 McDonald Ave, Brooklyn NY 11223 | 11/14/2022<br>01/03/2023<br>01/24/2023 | $10,750.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☒ Suppliers or vendors<br>☐ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.2.  BHT Management LLC<br><br>187 Chrystie St, New York, NY 10002 | 11/04/2022<br>2-12/05/2022<br>01/10/2023 | $60,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.3.  Cleaning Master<br><br>469 7th Avenue, New York, NY, 10018 | 10/27/2022<br>11/03/2022<br>11/10/2022<br>11/17/2022<br>11/25/2022<br>12/02/2022<br>12/09/2022<br>12/15/2022<br>12/19/2022<br>01/10/2023 | $140,520.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.4.  Con Edison<br><br>P.O. Box 1702. New York, NY 10116-1702 | <br>11/04/2022<br>11/02/2022<br>12/06/2022<br>12/07/2022<br>01/11/2023 | $51,150.28 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☒ Suppliers or vendors<br>☐ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.5.  Core Engineered Solutions, Inc.<br><br>8 Airline Drive, Suite 110, Albany, NY 12205 | 11/01/2022<br>12/08/2022 | $8,949.38 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☒ Suppliers or vendors<br>☐ Services<br>☐ Other_____ |

| Debtor | **225 Bowery LLC** | Case number *(if known)* | **23-10094** |
|---|---|---|---|

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3. 6.    Direct Energy Business<br><br>P.O. BOX 70220, Philadelphia, PA 19176-0220 | 11/08/2022<br>12/08/2022 | $16,690.86 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☒ Suppliers or vendors<br>☐ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3. 7.    First Majestic Builders Corp<br><br>20 9TH St, Hicksville, NY 11801 | 11/14/2022<br>11/17/2022<br>12/01/2022<br>12/15/2022 | $44,200.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.8.<br>   Fractal One, LLC<br><br>553 West 30th Street, New York NY 10001 | 11/02/2022<br>12/05/2022<br>01/10/2023 | $36,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.9.    Gunther Construction, Corp<br><br>68 Kennedy Drive, Lodi, NJ 07644 | 12/28/2022<br>01/09/2023<br>01/13/2023<br>01/24/2023 | $30,200.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.10    Hippodrome Concierge, Corp<br><br>104-20 Queens Blvd, Forest Hills, NY 11375 | 11/01/2022<br>11/14/2022<br>11/15/2022<br>12/07/2022<br>12/12/2022<br>12/20/2022<br>01/09/2023<br>01/18/2023<br>01/24/2023 | $52,952.53 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.11    Idan Maman<br><br>15 Hudson Yards, Ste 35E, New York, NY 1001 | 11/02/2022<br>12/05/2022<br>01/10/2023 | $18,300.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other_____ |

Debtor   **225 Bowery LLC**                          Case number *(if known)*   __23-10094__

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.12   First Insurance Funding<br><br>40 Skokie Blvd, Ste 1000, Northbrook, IL 60062 | 11/01/2022<br>12/01/2023<br>01/03/2023 | $30,200.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☒ Suppliers or vendors<br>☐ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.13   Narrow Security, INC<br><br>600 3RD Ave, Ste 211, New York, NY 10016 | 11/04//2022<br>11/21/2022<br>11/30/2022<br>12/08/2022<br>01/09/2023<br>01/13/2023<br>01/17/2023<br>01/18/2023 | $133,147.20 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.14   Network Doctor<br><br>600 Sylvan Ave, Ste 212, Englewood Cliffs, NJ 07632 | 10/24/2022<br>11/02/2022<br>11/08/2022<br>12/06/2022 | $9,045.06 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☒ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.15   NY Water Board<br><br>PO BOX 11863, Newark, NJ 07101-8163 | 11/21/2022<br>01/05/2023 | $14,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☒ Suppliers or vendors<br>☐ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.16   NYC Dept Of Finance<br><br>P.O. Box 680, Newark, NJ 07101-0680 | 11/04/2022<br>12/20/2022 | $134,165.92 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☒ Other____ Sale Tax ____ |

Debtor      **225 Bowery LLC**                                       Case number *(if known)*      **23-10094**

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.17 NYCB Card<br><br>P.O. Box 2818, Omaha, NE 68103-2818 | 12/28/2022<br>01/09/2023<br>01/13/2023<br>01/24/2023 | $66,282.31 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☒ Suppliers or vendors<br>☐ Services<br>☐ Other_____ |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.18 RCN Business<br><br>PO Box 11816. Newark, NJ 07101-8116 | 10/24/2022,<br>11/25/2022<br>12/27/2022<br>01/24/2023 | $11,296.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☒ Suppliers or vendors<br>☐ Services<br>☐ Other_____ |

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
    List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

    ☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 Omnia Properties LLC,<br>187 Chrystie St, New York, NY, 10002<br><br>Indirect equity holder | 04/27/2022<br>04/19/2022<br>03/31/2022 | $1,157,281.74<br>$350,000.00<br><u>$300,000.00</u><br>$1,807,281.74 | |

Debtor    **225 Bowery LLC**                                    Case number *(if known)*    **23-10094**

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.2 BHT Management LLC, 187 Chrystie St, New York, NY, 10002 Former Hotel Manager | 01/04/2022 | $40,000.00 | Management services, and expenses paid on behalf of Debtor |
| | 01/13/2022 | $30,000.00 | |
| | 01/26/2022 | $45,000.00 | |
| | 02/04/2022 | $40,000.00 | |
| | 02/10/2022 | $40,000.00 | |
| | 02/24/2022 | $40,000.00 | |
| | 03/02/2022 | $70,000.00 | |
| | 03/11/2022 | $50,000.00 | |
| | 03/17/2022 | $50,000.00 | |
| | 03/22/2023 | $50,000.00 | |
| | 03/24/2022 | $40,000.00 | |
| | 03/29/2022 | $40,000.00 | |
| | 04/07/2022 | $70,000.00 | |
| | 04/14/2022 | $50,000.00 | |
| | 04/20/2022 | $45,000.00 | |
| | 04/28/2022 | $40,000.00 | |
| | 05/03/2022 | $45,000.00 | |
| | 05/12/2022 | $100,000.00 | |
| | 05/19/2022 | $65,000.00 | |
| | | $950,000.00 | |

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|
| | | | |

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| | Last 4 digits of account number: _____ | | |

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

Debtor    **225 Bowery LLC**    Case number *(if known)*    **23-10094**

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | Bank Hapoalim B.M. LLC, et al. v. 225 Bowery LLC, et al., Index No. 850096/2022 | Foreclosure of the Mortgage, Declaratory Judgement as to Priority of Plaintiff's Security Interest in Property | New York Supreme Court, County of New York | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2 | Ace Group International, LLC, et al. v. 225 Bowery LLC, et al., Index No. 850096/2022 | Declaratory Judgment, Fraudulent Conveyance | New York Supreme Court, County of New York | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.3 | Northwind, 225 Bowery Holdings, LLC et al. v DSP Development, LLC, et. al, Index No. 656331/2022 | Declaratory Judgment, Breach of Fiduciary Duty, Alter Ego Liability | New York Supreme Court, County of New York | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.4 | ICC International Court of Arbitration (Ace Group International, LLC and Ace Group Bowery LLC v. 225 Bowery LLC) (NY) | Breach of Contract; Trademark Infringement and Unfair Competition; False Designation of Origin; and Trade Dress Infringement and Unfair Competition | Arbitration (ICC International Court of Arbitration) | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
| 7.5 | Ace Group International, LLC, et al. v. 225 Bowery LLC, Index No. 653631/2022 | Petition to Confirm Arbitration Award | New York Supreme Court, County of New York | ☐ Pending<br>☐ On appeal<br>☒ Concluded |
| 7.6 | Ace Group International, LLC, et al. v. 225 Bowery LLC, Index No. 2023-00610 | Appeal of Order Confirming Arbitration Award | New York Appellate Division, First Department | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.7 | OPEN ARCHITECTURAL PRODUCTS LLC v. AEH-VSLV LLC et al Index No. 154728/2019 | | New York Supreme Court, County of New York | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.8 | David Weissy v. David Paz et al. Index No. 651614/2020 | | New York Supreme Court, County of New York | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.9 | 225 BOWERY LLC vs. THE TAX COMMISSION OF THE CITY OF NEW YORK, AND THE COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK, Docket No. 262482/2022 (N.Y. Sup Ct. Oct 17, 2022) | Tax dispute | New York Supreme Court, County of New York | ☒ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.10 | Culinary Depot, Inc | | | ☒ Pending<br>☐ On appeal<br>☐ Concluded |

| Debtor | 225 Bowery LLC | Case number *(if known)* | 23-10094 |

| 7.11 | New York Steel Erectors v. AEH-VSLV, LLC et. al.<br><br>Index No. 653491/18 | New York Supreme Court, County of New York | ☒ Pending<br>☐ On appeal<br>☐ Concluded |

## 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and Address | Describe the property | Value |
| --- | --- | --- |
| | | |
| | Case title | Court name and address |
| | Case number | |
| | Date of order or assignment | |

---

## Part 4:    Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☐ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
| --- | --- | --- | --- | --- |
| 9.1 | Various Customers | Gift Cards | 09/13/2021<br>09/27/2021 | $605 |
| | **Recipients relationship to debtor**<br>Hotel Guests | | | |
| 9.2 | Various Customers | Gift Cards | 01/31/2022<br>03/31/2022<br>11/01/2022 | $400<br>$300<br>$2,743.13<br>$3,443.13 |
| | **Recipients relationship to debtor**<br>Hotel Guests | | | |

---

## Part 5:    Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
| --- | --- | --- | --- |
| | | | |

| Debtor | **225 Bowery LLC** | Case number *(if known)* | **23-10094** |

---

| Part 6: | Certain Payments or Transfers |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

|  | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11. 1 | | | | |
| | Fried, Frank, Harris, Shriver & Jacobson LLP | | 05/09/2022 | $100,000.00 |
| | **Email or website address** www.friedfrank.com | | | |
| | **Who made the payment, if not debtor?** Omnia Properties LLC | | | |

|  | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11. 2 | | | 06/13/2022 08/30/2022 10/19/2022 12/29/2022 | |
| | Alston & Bird LLP | | 01/24/2023 | $882,259.24 |
| | **Email or website address** www.alston.com | | | |
| | **Who made the payment, if not debtor?** | | | |
| | Omnia Properties LLC, Hernan Galvis, CAHE-ACHMN LLC, BHT Management LLC, 225 Bowery LLC | | | |

|  | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11. 3 | | | | |
| | Young Conway Stargatt and Taylor LLP | | 01/24/2023 | $50,000.00 |
| | **Email or website address** www.youngconaway.com | | | |
| | **Who made the payment, if not debtor?** | | | |
| | BHT Management LLC, Alston & Bird LLP | | | |

Debtor    **225 Bowery LLC**                                          Case number *(if known)*    **23-10094**

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11. | | | | |
| | Lindenwood Associates, LLC | | 01/24/2023 | $20,000.00 |
| | **Email or website address** www.lindenwoodassociates.com | | | |
| | **Who made the payment, if not debtor?** BHT Management LLC | | | |

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11. | | | | |
| | CSC Entity Services, LLC | | 01/24/2023 | $10,000.00 |
| | **Email or website address** CSCglobal.com | | | |
| | **Who made the payment, if not debtor?** BHT Management LLC | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | |
| **Trustee** | | | |

13. **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

Debtor   **225 Bowery LLC**                                    Case number *(if known)*   **23-10094**

| | Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | Omnia Properties LLC | | 02/08/2021 | *$250,000* |
| | 187 Chrystie St, New York, NY 10002 | | 04/03/2021 | *$200,000* |
| | | | 04/07/2021 | $400,000 |
| | | | 04/07/2021 | *$230,000* |
| | | | 04/21/2021 | *$15,000* |
| | | | 08/17/2021 | $20,000 |
| | | | 09/03/2021 | $30,000 |
| | | | 09/10/2021 | $70,000 |
| | | | 11/16/2021 | $100,000 |
| | | | 12/8/2021 | $150,000 |
| | | | | $1,465,000 |
| | **Relationship to debtor** Indirect Equity Holder | | | |
| 13.2 | David Paz | | 08/11/2021 | $7,750.00 |
| | 187 Chrystie St, New York, NY 10002 | Refund for wrong tax deposit | 08/17/2021 | $750.00 |
| | | | | $8,500.00 |
| | **Relationship to debtor** Indirect Equity Holder | | | |

---

**Part 7:**   **Previous Locations**

14. **Previous addresses**
   List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14. | | |

---

**Part 8:**   **Health Care Bankruptcies**

15. **Health Care bankruptcies**
   Is the debtor primarily engaged in offering services and facilities for:
   - diagnosing or treating injury, deformity, or disease, or
   - providing any surgical, psychiatric, drug treatment, or obstetric care?

   ☒ No. Go to Part 9.
   ☐ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1 | | | |
| | *Facility name* | | |
| | *Street* | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | *City        State        Zip Code* | | *Check all that apply:* ☐ Electronically ☐ Paper |

---

**Part 9:**   **Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

   ☐ No.
   ☒ Yes. State the nature of the information collected and retained.

Debtor    **225 Bowery LLC**                                    Case number (*if known*)    **23-10094**

---

Guest name, Contact information and ID verification

Does the debtor have a privacy policy about that information?

☐ No
☒ Yes

**17.** Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?

☒ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

☐ No Go to Part 10.
☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| | EIN: _____ |

Has the plan been terminated?
☐ No
☐ Yes

---

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | Chase<br>349 Fifth Ave New York NY 10016 | **XXXX-** 3879 | ☒ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other_____ | closed 11/17/2022 | 0.0 |
| 18.2 | Flushing Bank<br>220 RXR Plaza, Uniondale NY 11556 | **XXXX-** 7524 | ☒ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other_____ | closed 06/06/2022 | $5,121.42 |
| 18.3 | Flushing Bank<br>220 RXR Plaza, Uniondale NY 11556 | **XXXX-** 7558 | ☐ Checking<br>☐ Savings<br>☒ Money Market<br>☐ Brokerage<br>☐ Other_____ | closed 06/03/2022 | $0.41 |
| 18.4 | New York Community Bank<br>102 Duff Ave, Hicksville, NY 11801 | **XXXX-** 1581 | ☒ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other_____ | closed 02/09/2023 | $188,602.65 |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this

| Debtor | 225 Bowery LLC | Case number *(if known)* | 23-10094 |

case.

☒ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| | | | ☐ No |
| | | | ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| | | | ☐ No |
| | | | ☐ Yes |

**Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Describe the property | Value |
|---|---|---|---|
| | | | |

**Part 12:   Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| | | | ☐ On appeal |
| | | | ☐ Concluded |

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an**

| Debtor | 225 Bowery LLC | Case number *(if known)* | 23-10094 |
|--------|----------------|--------------------------|----------|

**environmental law?**

☒ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|-----------------------|-------------------------------------|------------------------------|----------------|
|                       |                                     |                              |                |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|-----------------------|-------------------------------------|------------------------------|----------------|
|                       |                                     |                              |                |

**Part 13:   Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
    Include this information even if already listed in the Schedules.

☒ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>**Dates business existed** |
|-----------------------|-------------------------------------|------------------------------------------------------------------------------------------------------------------|
| 25.                   |                                     | EIN:<br><br>From-To                                                                                               |

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service<br>From-To |
|------------------|----------------------------|
| 26a.1   Shanholt Glassman Klein Kramer & Co. CPA's P.C<br><br>488 Madison Avenue, 18th Floor, New York, NY 10022 | 2020-Now |
| 26a. 2   Miya Nadri<br>187 Chrystie St, New York, NY 10002 | 2020-Now |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☒ None

| Name and address | Date of service<br>From-To |
|------------------|----------------------------|
| 26b.             |                            |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

Debtor    __225 Bowery LLC_____    Case number *(if known)*    __23-10094__

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.  Miya Nadri<br>187 Chrystie St, New York, NY 10002 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1  Morgan Stanley Wealth Management<br>55 South Lake Avenue, Suite 700, Pasadena, CA 91101 |
| 26d.2  Northwind Group,<br>489 Fifth Avenue, 28th Floor, New York NY 1001 |
| 26d.3  Kevin Burns, CPA<br>529 FIFTH AVENUE, NEW YORK, NY 1001 |
| 26d.4  Maru Asset Management, Inc<br>801 S. Grand Ave., Los Angeles, CA 9001 |
| 26d.5  FBRE Capital, LLC<br>1740 Broadway, 15th Floor, New York, NY 1001 |
| 26d.6  Wilmington Trust, N.A.<br>1100 N. Market Street Wilmington, DE 19890 |
| 26d.7  Raith Capital Partners, LLC<br>424 Madison Ave, New York, NY 10017, United State |
| 26d.8  Berkshire Hathaway Commercial<br>12246 Queenston Blvd, Suite D, Houston, TX 77095 |
| 26d. 9  Princeton Real Estate Partners LLC<br>745 5th Ave 31st Floor, New York, NY 1015 |

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| | Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|---|
| 27. | | | |
| | Name and address of the person who has possession of inventory records | | |
| | | | |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

Debtor    **225 Bowery LLC**                                    Case number *(if known)*    **23-10094**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| 225 Bowery Group LLC | 187 Chrystie St, New York, NY 10002 | Owner | 100% |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| David Paz | 187 Chrystie St, New York, NY 10002 | Member Manager | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Michelle Dreyer | 19 west 44TH St, Ste 200, New York, NY 10036 | Independent Director | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Nat Wasserstein | 328 North Broadway, 2nd Fl Upper Nyack, NY 10960 | Chief Restructuring Officer | |

---

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☒ No
☐ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| | | | |

---

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☒ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30. | | | | |
| | Omnia Properties LLC | $300,000.00 | 03/31/2022 | |
| | 187 Chrystie St, New York, NY 10002 | $350,000.00 | 04/19/2022 | |
| | | $1,157,281.74 | 04/27/2022 | |
| | | $1,807,281.74 | | |
| | **Relationship to debtor** | | | |
| | Indirect Equity Holder | | | |

---

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☒ Yes. Identify below.

Debtor    **225 Bowery LLC**                                  Case number *(if known)*    **23-10094**

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 225 Bowery Group LLC | **EIN:**  83-3729208 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | **EIN:** |

---

**Part 14:**  **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **March 13, 2023**

_____          **Nat Wasserstein**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    **Chief Restructuring Officer**

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
☒ No
☐ Yes